VILLARD v. MOYER.

(Supreme Court, Special Term, Westchester County. May 25, 1907.)

CONTRACTS—CONSTRUCTION—PARTIES—JOINT AND SEVERAL CONTRACTS.

Where parties agreed to carry for the benefit of another a designated amount of corporate stock "pro rata according to the amount of their respective interests" in the corporation for a certain period, the one for whose benefit it was carried to take it up during that period, the obligation was several as to the number of shares to be carried by each, and a party to the agreement was entitled to sue for a failure to take up the shares carried by him, without joining the others.

Action for breach of contract by Harold G. Villard against William L. Moyer. On demurrer to complaint. Overruled.

Wherry & Morgan, for plaintiff.
Ritch, Woodford, Bovee & Butcher, for defendant.

TOMPKINS, J. The complaint alleged that on the 8th day of November, 1902, the defendant and the firm of Goldsborough, Villard & Warner entered into the following written agreement:

"Mr. Moyer is to take the presidency of the banking corporation. He is to be assured of the presidency for five years, with the hearty support of all interests. Salary twenty-five thousand dollars per year. The Metropolitan Life Insurance Company, you and my firm are to carry for Mr. Moyer's benefit one thousand shares of the capital stock of the banking corporation, for a period not to exceed three years, and at an interest rate not exceeding five per cent. per annum. Mr. Moyer is to take up same from time to time, as it is convenient for him to do so, paying therefor the cost price of the stock to us, and interest upon the same at the rate of five per cent. per annum up to the time he takes up the stock. This stock is to be carried by the respective parties named pro rata according to the amount of their respective interests in the banking corporation.

"[Signed]　　　　　　　　　　　　　　　　　　G. C. Warner.

"We agree to the above.
"[Signed]　　　　　　　W. L. Moyer.
"Metropolitan Life Insurance Company.
"Thomas H. Hubbard.
"Goldsborough, Villard & Warner."

The complaint also alleges the assignment by the firm of Goldsborough, Villard & Warner of the firm's interest under the said contract to the plaintiff, and performance by said firm of all the conditions of said contract on their part, and that the interest of Goldsborough, Villard & Warner, referred to in the said contract, in the banking corporation, was one-sixth of the total interest of the parties to said contract. The necessary conclusions to be drawn from the facts stated in the complaint are that the firm of Goldsborough, Villard & Warner, the plaintiff's assignors, agreed to carry, and did carry, for the benefit of the defendant, 166 shares of the stock in question, which the defendant obligates himself to take up and pay for within three years from the date of the contract, and that the plain-

tiff has tendered to the defendant the certificates for 166 shares of the said capital stock, and demanded payment therefor, and that the defendant has refused to accept the certificates and to pay for them.

The demurrer is on the ground that the Metropolitan Life Insurance Company and Hubbard, who, together with the plaintiff, agreed to carry for the defendant's benefit the 1,000 shares of stock, should be parties to this action, which is to recover damages for breach of the said contract on Moyer's part, and that the complaint does not state facts sufficient to constitute a cause of action; the defendant's point being that the contract obligation, for a breach of which this action is brought, was a joint obligation on the part of the Metropolitan Life Insurance Company, Hubbard, and the plaintiff's assignors, and that any breach of the contract, which was to carry 1,000 shares of the bank stock for the defendant, created a joint liability, and that the defendant cannot be sued severally. That claim would be good if the contract by its terms created a joint obligation and liability only. In my opinion the words in the contract, "This stock is to be carried by the parties named, pro rata according to the amount of their respective interests in the banking corporation," thereby expressly limiting the obligation of the plaintiff's assignors to the carrying of one-sixth of the one thousand shares, makes the contract a joint and several obligation. The liability of the plaintiff's assignors is limited to the carrying of 166 shares, and the defendant's obligation with respect to the plaintiff's assignors was to take up and pay for those 166 shares within three years from the date of the contract; and while it is true that the insurance company, Hubbard, and the plaintiff's assignors jointly agreed to carry a total of 1,000 shares, yet the obligation of each is expressly limited to the number of shares held by each and the banking institution. Were it not for this limitation in the contract, undoubtedly the obligation would be a joint one, for a breach of which all the parties would have to be made plaintiffs.

The only breach of the contract shown by the complaint is the failure of the defendant to take up and pay for the particular 166 shares, which the plaintiff's assignors were to carry, and it may be assumed that the defendant has performed the contract with respect to the other parties. My conclusion is that the contract obligations of the plaintiff's assignors, the insurance company, and Hubbard were several to the extent and amount of the number of shares of banking stock held by each and its value, and that the complaint states a cause of action against the defendant.

The demurrer is overruled, with leave to the defendant to answer the complaint within 20 days, upon payment of costs.